[No. 19425.   Department Two.   December 16, 1925.]

· THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
NIKOLICH *et al., Appellants*.[1]

[1] CRIMINAL LAW (21)—PARTIES TO OFFENSES — PROSECUTION OF
PRINCIPALS AND ACCESSORIES—ACQUITTAL OF PRINCIPAL. An ac-
cessory before the fact may be tried and convicted notwithstand-
ing the principal has not been tried or has been acquitted, in
view of Rem. Comp. Stat., § 2007, providing that no distinction
exists between an accessory before the fact and a principal, and
that all persons shall be tried as principals.

[2] COURTS (35-2)—RULES OF ˙DECISION—PREVIOUS DECISIONS — AS
PRECEDENTS. A deliberate expression of this court upon the
meaning of a statute should not be disregarded as dictum be-
cause not necessarily involved.

[3] CRIMINAL LAW (21)—PARTIES TO OFFENSES—CONVICTION OF AC-
CESSORY—NECESSITY OF PROOF AS TO PRINCIPAL. Since an acces-
sory cannot be convicted without proof that his alleged princi-
pal actually committed the crime, accused, jointly charged with
aiding and abetting John Doe in the burning of a building, can-
not be convicted upon proof that one of them, acquitted by the
jury, set the fire.

[4] ARSON (9)—EVIDENCE—SUFFICIENCY. A conviction of an insur-
ance agent as an accessory to the burning of a building, is sus-
tained by proof that he acquired the property, and having sold
it on a contract, he, a few days before the fire, issued a $1,600
policy on the house, which was worth $700 or $800, and upon a
few articles of furniture of practically no value, for $600, after
having examined the personalty, the policies being assigned to
him immediately after the fire.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered October 25, 1924,
upon a trial and conviction of arson.   Reversed.

*Harry E. Phelps* and *Harry H. Johnston,* for appel-
lant Burnett.

*J. W. Selden* and *Robert B. Abel,* for respondent.

[1]Reported in 241 Pac. 664.

MAIN, J.—By information, the defendants were charged with the crime of arson in the second degree. Upon the trial, Howard Carter and Mae Carter, his wife, were acquitted. George Nikolich and John Burnett were found guilty, and they appeal from the judgment and sentence entered upon the verdict. The charging part of the information is as follows:

"That the said George Nikolich, Howard Carter, Mae Carter, John Burnett and John Doe in the county of Pierce, in the state of Washington, on or about the 13th day of July, nineteen hundred and twenty-four, then and there being unlawfully and feloniously under circumstances not amounting to arson in the first degree, the defendant, John Doe, whose true name is unknown to the prosecuting attorney, did wilfully set on fire a building, to wit: a house located at 5606 North 49th Street, Tacoma, Pierce county, Washington, and the property of George Nikolich, a defendant herein, and that as a result thereof said house did burn and was destroyed by said fire; and that the defendants George Nikolich, Howard Carter, Mae Carter and John Burnett did unlawfully and feloniously aid and abet and conspire together and with said John Doe in the setting on fire and burning of said building and the defendants George Nikolich, Howard Carter, Mae Carter and John Burnett did counsel, encourage and induce and procure the defendant John Doe to so set on fire and burn and destroy the aforesaid building, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

The case was first called for trial on October 14, 1924. At that time, after some preliminary matters which are not here material were disposed of, the attorney for the prosecution stated:

"I want to announce for the record—to show that all the defendants, including Mrs. Carter and Mr. Carter, are present, or are represented by their counsel, and that the state now alleges that the John Doe re-

ferred to in the information, whose true name is to the prosecuting attorney unknown, is Howard Carter.''

The case was then continued for two days, and was again called for trial on October 16, 1924. At this time, a colloquy took place with reference to how the information should be amended to show that the John Doe stated therein was Howard Carter, one of the defendants. An order had been prepared by the deputy prosecuting attorney and signed by the court which, though not in the record, apparently eliminated from the information certain matters that would be surplusage after the change in name suggested. The court was willing that the state might file an amended information, but it concluded not to do so. The order which was prepared and signed by the court was withdrawn and destroyed. After this was done, in response to an inquiry by counsel for one of the defendants as to whether the withdrawal of the order withdrew the amendment as to names the deputy prosecutor stated: ''It withdraws the order.''. The attorney for the defendant then said: ''It does not withdraw the statement you made the other morning,'' referring to the statement made on the 14th. To this inquiry, the record shows that no reply was made.. The case then proceeded to trial.

The building for which the appellants were charged with aiding and abetting in destroying was a small dwelling house in the town of Ruston. The authorities of that town had, in some way, received an intimation that the house was to be burned, and had detailed two officers to watch it on the night of the fire. These two officers secreted themselves a short distance from the house, and at about twelve o'clock midnight, a man entered the house, which was vacant and unoccupied, and the fire immediately occurred. One of the officers

testified clearly and unequivocally that the man entering the house was Howard Carter. The other, when asked who it was, stated that he did not know. There was no evidence that any other person set the fire. The appellants, by the information, were charged as aiders and abettors to John Doe as were also Carter and his wife. In submitting the matter to the jury, this instruction was given:

"A question of fact, therefore, for your determination in this case is 'Did the defendants or any of them, in this county and state, on or about the 13th day of July, 1924, unlawfully and feloniously aid and abet, directly or indirectly counsel, encourage him, command, induce or otherwise procure John Doe to set on fire and burn a house located at 5606 No. 49th street, Tacoma, Washington, under circumstances not amounting to arson in the first degree?'."

By that instruction, the question was submitted to the jury as to whether the appellants had aided and abetted John Doe in setting fire to the house. The jury had no knowledge of the preliminaries with reference to the amending of the information above referred to, as they were not present when those matters were disposed of.

The case presents this situation. The appellants were charged as aiders and abettors to John Doe, and in the instructions the case was submitted to the jury upon that theory. There is no evidence, as stated, that any other person than Howard Carter set the fire.

[1] The first inquiry is whether an accessory before the fact or an aider and abettor may be convicted notwithstanding the fact that the principal actor was acquitted. Section 2007, Rem. Comp. Stat., provides:

"No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree, and all persons concerned

in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not present, shall hereafter be indicted, tried and punished as principals.''

Under this statute, as construed by this court in *State v. Gifford*, 19 Wash. 464, 53 Pac. 709, an accessory before the fact may be convicted notwithstanding the fact that the principal actor has not been tried or has been tried and acquitted. In that case, it was said, referring to the statute in question:

''But we think that this provision of the law must be construed in connection with the provision of the constitution just above quoted, and the other provisions in relation to the qualifications of an indictment which we have before pointed out, and that the object of this statute was to do away with some of the technical hindrances which before existed in relation to the trials of accessories, and that it was the intention, under this statute, that the defendant might be indicted and tried even though the principal had been acquitted, and to make an accessory before the fact the same as a principal, so far as the punishment was concerned, and so far as the mode, manner, and time of trial were concerned.''

[2] The appellants argue that the question was not necessarily before the court in that case, and that what was there said is nothing more than dictum. But it was a deliberate expression of the court upon the meaning of the statute. We do not think it should be disregarded on the alleged ground that the court was discussing something which was not necessarily involved in the case before it.

[3] Even though the accessory may be tried and convicted as principal, either before or after the principal actor, he may not be convicted in the absence of proof that the one to whom he is charged as accessory

actually committed the crime. In *Osborne v. State,*
99 Miss. 410, 55 South. 52, it is said:

"It is further insisted that, under section 1026 of
the Code of 1906, it was not necessary to show the con-
viction of Tennery and Osborne in order to convict the
appellant. Section 1026 reads as follows: 'Every per-
son who shall be an accessory to any felony, before the
fact, shall be deemed and considered a principal and
shall be indicted and punished as such; and this
whether the principal has been previously convicted or
not.' If we catch the idea of counsel, the section does
not bear the interpretation put upon it by him. It was
simply intended to charge all accessories to any felony
before the fact as principals. Nevertheless, where sev-
eral are indicted jointly for a felony, if the evidence
shows that one or more were accessories before the
fact, though charged in the indictment as principals, it
is absolutely necessary to prove the party guilty who
actually committed the felony before you can secure
proof of the guilt of the accessories before the fact,
though charged in the indictment as principals, by
virtue of section 1026, Code of 1906."

To the same effect is *Gibson v. State,* 53 Tex. Cr.
349, 110 S. W. 41.

As stated, the appellants were charged as aiders and
abettors to one John Doe, and the case was submitted
to the jury upon that theory. There is no evidence that
John Doe or any one else other than Howard Carter
set the fire. The result is that there is no proof that
the principal actor, to which the jury were required
to find the appellants aiders and abettors, had anything
to do with the setting of the fire. It cannot be argued
successfully that the instruction was not prejudicial.
Had the jury been required to find whether the appel-
lants were aiders and abettors to Howard Carter, it
is not at all likely that they would have acquitted Car-
ter as the principal actor and then have convicted the
appellants as aiders and abettors to him.

[4] It is argued that there was not sufficient evidence to submit the question of Burnett's guilt to the jury. Nikolich did not appear in this court, either by brief or argument; but, in the trial, his attorneys, as did those of Burnett, moved that the case be taken from the jury. As to Burnett, the evidence shows that he was the agent for the Dubuque Fire & Marine Insurance Company. He acquired the property destroyed some time during the fore part of March, 1924. On June 11 of that year, he sold it to Nikolich on a contract for $1,800. A few days before the fire, Nikolich, who was a single man, caused to be moved into the house a few articles of furniture which apparently were of small value. The evidence shows that the house which was destroyed was not worth over $700 or $800. On the 13th of June, 1924, Burnett, as agent for the Dubuque Fire & Marine Insurance Company, issued an insurance policy upon it in the sum of $1,600, and upon the furniture for $600. Immediately after the fire, the insurance policies were assigned to Burnett. Neither Burnett nor Nikolich upon the trial testified. A witness, an assistant state fire marshal who talked with Burnett after the fire, testified as shown by the abstract:

"On the day Burnett was arrested I saw Burnett in his office. I told him I wished to talk some more about the fire to him and he told me he had been instructed to talk to no one without the presence of his attorney. I agreed to this and we went to the attorney's office but the attorney was out and on our way back to Burnett's office he said 'This is a hell of a mess I have got into; if I had not just been getting over a drunk, I would not have been tied up in it,' and I said, 'Well, just what do you mean by that?' And he says, 'You know what I mean.' "

[5] It was also testified by a witness that Burnett stated that he had examined the furniture in the house

before writing the policy upon it for the amount of $600. Other details might be mentioned, but we think sufficient has been stated to show that the question of Burnett's guilt or innocence was for the jury. Under the evidence, the jury had a right to find that every hypothesis was excluded other than his guilt. The writing of a policy of $1,600 upon a house which is worth, according to the evidence, less than half that amount, and $600 upon furniture of practically no value, cannot be reconciled as consistent with an honest purpose. As to Nikolich, without detailing the evidence, it was amply sufficient to make a case for the jury.

It is complained, finally, that the court erred in permitting the testimony of the two witnesses as to the value of the place, but there was no error in this regard. The evidence offered and received was competent under the holding in *Sedro-Woolley v. Willard*, 71 Wash. 646, 129 Pac. 372.

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial as to both appellants.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.