[No. 34106. Department One. January 9, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH NAPLES, *Appellant.*[1]

*Warner, Pierce & Peden*, for appellant.

*Charles O. Carroll, Laurence D. Regal, and Charles Z. Smith*, for respondent.

MALLERY, J.—The defendant appeals from a conviction of aiding and abetting a grand larceny of electric appliances from the Security Transfer and Storage Company on Saturday afternoon, June 11, 1955, by acting as a lookout for the criminals during the commission of the crime.

The appellant admitted that he drove one Callas, the leader of the larceny gang, to the scene of the crime. A tavern keeper across the street took appellant's car license number, and this led to his arrest and identification.

[1]Reported in 319 P. (2d) 1096.

A key to the building where the goods were stored had been obtained from a former tenant. The stolen appliances were hauled away in a Hertz U-Drive truck.

Carden, one of the criminals working on the inside of the building, testified:

"A. Harry Callas stayed there, and Rinkes and myself— during the time that we were loading on the elevator, the horn started blowing and I went out to see what was wrong. Joe Naples said there was someone in the building next door, and I could see someone sitting at the desk. And I said I thought it was okay, and I thought it was, and I went back, and the next time I went and looked out of the front window Joe Naples was not there, and we forgot all about him."

Gordon Berglund, a customer in the tavern at the time of the commission of the crime, testified that he observed two men looking up at the building across the street as if someone in it was signaling to them; that one of them got into a green 1949 Oldsmobile and drove around toward the back of the building; that he then drove his car around the block in the opposite direction and met the green Oldsmobile; and that when he returned to the tavern, he saw the green Oldsmobile pick up another man, who was walking south. He testified that the green Oldsmobile was parked shortly thereafter on Railroad avenue under the viaduct with one man in it, and that it left the scene of the crime after approximately one hour.

The appellant contends the court erred in submitting the case to the jury, upon the ground that there was insufficient evidence to sustain a conviction. The jury had a right to believe, from Carden's testimony alone, that the appellant aided and abetted the crime by acting as a lookout.

The assignment of error is without merit.

The appellant contends the court erred in admitting hearsay testimony given by Carden, a principal criminal, to the effect that Callas said the appellant was to act as a lookout for the larceny. Such a statement might very well be hearsay if not made in the presence and hearing of the appellant. However, it was not until the cross-examination that the witness said he was not sure that the appellant

was listening to or heard the statement made. At that time, no motion to strike was made. The only question ever raised, with regard to this evidence, was in appellant's motion for a dismissal of the state's case on the ground that there was insufficient evidence to take the case to the jury.

■ Hearsay evidence is not the basis of reversible error when neither timely objection to its reception nor motion to strike is made. *State v. Farley*, 48 Wn. (2d) 11, 290 P. (2d) 987.

■ The appellant assigns as error the court's refusal to instruct the jury that one who withdraws his aid before the completion of a crime is absolved from liability as an aider and abettor and should be found not guilty.

Appellant's citations relate to withdrawal from conspiracies prior to the doing of any overt act in furtherance thereof. They are not in point. The instruction was not a correct statement of the law. The court did not err in refusing to give it.

■ The appellant assigns as error the court's refusal to give his requested instructions Nos. 6, 7, 14, and 20. The subject matter of these instructions, to the extent that they correctly state the law, was covered by the stock instructions given by the court. The appellant is not aggrieved by the court's refusal to *emphasize* certain elements of the stock instructions favorable to a defendant by giving the slanted instructions requested by the appellant. *Everett v. Simmons*, 86 Wash. 276, 150 Pac. 414, *State v. Washington*, 39 Wn. (2d) 517, 236 P. (2d) 1035.

The judgment is affirmed.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.