[No. 92-40165-1. Division One. May 25, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent,* v. BISHOP COLLINS, *Appellant.*

*Irving C. Paul, Jr.,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Albert A. Rinaldi, Jr., Deputy,* for respondent.

UTTER, J.—Bishop Collins was charged with two counts of burglary in the second degree. Count 1 was dismissed for insufficient evidence at the close of the state's case. Collins was convicted on count 2. Certain aspects of this case have been previously decided in *State v. Collins,* 72 Wn.2d 741, 435 P.2d 538 (1967).

The single issue raised on appeal is whether the trial court erred in refusing Collins' motion for a new trial on the ground of insufficient evidence.

There is evidence in the case from which the jury could find the following facts. On June 17, 1966, at about 3 a.m., Dr. and Mrs. Allen Wiesen were awakened by a prowler in their apartment who Mrs. Wiesen identified as wearing gray "baggy pants." The man fled and the intrusion was reported to the police. Three students, Michael Ebben, Carl Stewart and David Nygren, lived across the alley from the Wiesen apartment. Shortly after 3 a.m. Michael Ebben heard a creak and the rattling of change in his apartment. As he attempted to awaken his roommate, a prowler fled and Ebben then left his bed, looked out a door and saw a person wearing very baggy pants, walking north on the sidewalk. Ebben then examined his pants, which were on a chair in his living room, and noticed his wallet and change missing.

Carl Stewart, one of the roommates, was awakened by the noise in the apartment and, upon arising, saw someone walking north on the street in front of the apartment, wearing baggy gray pants. Stewart and Nygren pursued the person they saw but he eluded them and they were unable to keep him in sight. Shortly thereafter two police officers who were on the scene observed Collins running between two apartment houses in the area a short distance from the victims, and stopped him. He stated he was being

chased by "two white guys." A search of his pocket revealed a $20 bill and seven 1-dollar bills in his right front pocket as well as a $5 bill. He was wearing charcoal gray, unusually baggy pants. His car was found in an alley in the neighborhood. After Collins' arrest a search of the neighborhood located Ebben's wallet close to Collins' car and along a route which would have been possible for Collins to take had he been the unidentified figure who was pursued by the students and apprehended by the police. A $20 bill and seven 1-dollar bills had been taken from the wallet.

■■ The evidence establishing the facts of the defendant's guilt was circumstantial and its sufficiency must be examined in the light of rules applicable to circumstantial evidence. It is conceded that elements of a crime may be proved by circumstantial evidence. The circumstantial evidence upon which a verdict of guilty can be sustained, however, must be consistent with the hypothesis of guilt and inconsistent with any reasonable hypothesis or theory establishing or tending to establish innocence. The scope of an appellate review of the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced *substantial evidence* tending to establish circumstances from which the jury could reasonably infer the fact to be proved. In so doing, the court does not weigh the evidence but merely examines its sufficiency. *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969).

■ Substantial evidence is that character of evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. *Wharton v. Department of Labor & Indus.*, 61 Wn.2d 286, 378 P.2d 290 (1963).

The pivotal issue for the jury's determination was the identification of the defendant. Three separate facets of the testimony furnish circumstantial corroboration of Collins' identification as the one who committed the burglary:

■ The fact of discovery of the money in the defendant's possession in an amount and denominations identical to that taken from the victim has probative value and is

relevant on the issue of identification. J. Wigmore, Evidence, 601 § 154 (3d ed. 1940); *State v. Prater*, 1 Wn. App. 342, 461 P.2d 357 (1969); *State v. Parr*, 64 Wn.2d 921, 395 P.2d 196 (1964); *State v. Barry*, 43 Wn.2d 807, 813, 264 P.2d 233 (1953). The combination of that evidence, the discovery of the victim's wallet along a route which was logical for both the intruder and Collins to follow, and the matching of the description of the unusual pants seen by the victims with the apparel of the defendant, combine to amount to substantial evidence from which the jury could reasonably infer the fact to be proved.

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.