[No. 630-1. Division One—Panel 1. July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES BYRON ROGERS, *Appellant*.

*Patrick W. Jorgensen*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Patricia G. Harber, Deputy*, for respondent.

WILLIAMS, J.—The defendant was charged by information with murder in the second degree. The trial to a jury resulted in a verdict of guilty. From the judgment entered upon the verdict, the defendant appeals.

The facts are these: Appellant and the decedent, Robert D. Williams, lived across the street from one another in

Duvall, in King County. During the evening of January 10, 1970, an incident occurred between appellant and Vicki Williams, the teenage daughter of decedent, which frightened her. When she told her father of the event, he directed her to call the sheriff's office, which she did. The decedent then drove off in his truck and returned in a short while, parking in a manner to block appellant's driveway. Decedent then went into his house and, when appellant arrived in his truck a few minutes later, the decedent told Vicki he was going out to talk to appellant. He left the house and was killed moments later.

Vicki and her mother were in the house and did not see what happened. Appellant testified that while he was still in his truck the decedent came at him yelling threats which frightened appellant to such a degree that he seized his .22 caliber revolver and, after discharging one warning shot, fired at decedent to stop him. The medical examiner testified that decedent was hit first about the lower portions of his body, and that the fatal shot was the fifth, which punctured his lungs and heart while he was bending forward, causing him to fall immediately. There was testimony that decedent was a peaceful man, and appellant a violent one.

The assignments of error are directed to the admission in evidence of statements decedent made to Vicki just before leaving the house the last time and to the court's giving, and the refusal to give, certain instructions.

As to the first assignment of error, the trial court confined Vicki's testimony to repeating what her father had said he intended to do when he left the house, which was that he was going to talk to appellant. Although hearsay, this evidence was admissible to show the decedent's design or plan to accomplish an act which was an issue in the case. *Raborn v. Hayton*, 34 Wn.2d 105, 208 P.2d 133 (1949); *State v. Hart*, 26 Wn.2d 776, 175 P.2d 944 (1946). The court carefully restricted Vicki's direct testimony to relating that her father said he was going out to talk to appellant. The testimony about which appellant complains was developed on cross-examination and on redirect in response thereto,

so appellant is in no position to complain. *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967).

As to the instructions, instructions Nos. 3 and 4, given by the court, advised the jury as follows:

### INSTRUCTION No. 3

To convict the defendant of the crime of murder in the second degree, you must be convinced beyond a reasonable doubt: That, in King County, on January 10, 1970, the defendant shot and killed Robert D. Williams by shooting him with a .22 caliber revolver; and That the defendant did so (a) with a design and intent to effect the death of the said Williams, or (b) while engaged in the commission of the crime of assault in the second degree.

It is necessary that the elements listed above be proved beyond a reasonable doubt. However, (a) or (b) are alternate elements and only one need be proved.

### INSTRUCTION No. 4

You are instructed that the killing of a human being unless it is justifiable, is murder in the second degree when: (1) Committed with a design to effect the death of the person killed or of another, but without premeditation; Or (2) when perpetrated by a person engaged in the commission of, or in an attempt to commit, the felony of assault in the second degree.

In their stead, appellant requested the following instruction:

To convict the defendant, Charles Byron Rogers, of the crime of murder in the second degree as charged in the information, the state must prove to you beyond a reasonable doubt:

(1) That on or about the 10th day of January, 1970, the defendant did mortally wound one Robert D. Williams, a human being, with a deadly weapon, to-wit, a .22 caliber revolver, then and there held by the defendant;

(2) That the defendant willfully, unlawfully and feloniously inflicted said mortal wounds

 (a) with a design to effect the death of the said Robert D. Williams,

 Or

 (b) while engaged in the commission of a felony, to-wit, assault in the second degree;

(3) That as a result of said wounds so inflicted, the said Robert D. Williams, then and there died;

(4) That said acts occurred in King County, Washington.

If you find from the evidence admitted in this case that the state has proved elements (1), (3), (4) and either 2 (a) or 2 (b) beyond a reasonable doubt, then it will be your duty to return a verdict of murder in the second degree as to the defendant, Charles Byron Rogers.

*I expressly point out that before you can return a verdict of guilty, all twelve of you must agree that element 2 (a) has been proved beyond a reasonable doubt, or that all twelve of you must agree that element 2(b) has been proved beyond a reasonable doubt, or both.*

On the other hand, if after weighing all the evidence, you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, then it will be your duty to return a verdict of not guilty.

(Italics ours.) There was also an instruction on self-defense.

There was ample evidence in the case to support any one of three determinations by the jury: (1) Appellant intended to, and did, kill the decedent; (2) appellant did not intend to kill, but did have a design to inflict grievous bodily harm upon, the decedent and, in so doing, killed him; and (3) appellant fired in self-defense.

The jury by its verdict eliminated self-defense. Appellant's attack is directed to the absence in the instructions given of a requirement of unanimity of the jury, either as to intentional killing or while engaged in the commission of a felony. He contends that some of the jury could have decided the former and others the latter, and thereby arrived at a unanimous verdict even though neither theory was adopted by all 12. We agree.

There was substantial evidence that appellant shot to kill; there was also substantial evidence that he shot to wound. Certainly the fact that the first four shots were low and that the fifth and fatal shot was fired as the decedent

was bending over supports an inference that appellant was aiming to hurt rather than kill.

 A unanimous verdict is required in a criminal case. Failure of the court to give an instruction on unanimity is not reversible error, however, if the record shows that, in fact, the verdict was unanimous; and there are not multiple questions on a single issue. *State v. Badda,* 63 Wn.2d 176, 385 P.2d 859 (1963); *State v. Mickens,* 61 Wn.2d 83, 377 P.2d 240 (1962). If a crime is charged to have been committed in more than one way, the jury must be told that all of their number must agree on one of the alternatives before they can arrive at a guilty verdict. *State v. Parmenter,* 74 Wn.2d 343, 444 P.2d 680 (1968); *State v. Cadena,* 74 Wn.2d 185, 443 P.2d 826 (1968); *State v. Golladay,* 78 Wn.2d 121. 470 P.2d 191 (1970); *State v. Mayner,* 4 Wn. App. 549, 483 P.2d 151 (1971).

In *State v. Cadena, supra,* a prosecution for murder, the instruction was almost identical to that proposed by appellant except that the portion which we have italicized was not included. Another instruction advised the jury of the necessity for unanimity. The court held that the emphasized "OR", together with the unanimity instruction, made it clear that all 12 must agree on one of the alternatives.

*State v. Parmenter, supra,* involved a charge of manslaughter, which under the evidence could have been committed in two ways. There was an instruction similar to appellant's proposed instruction, including the italicized portion set out above. This satisfied the unanimity requirement, and the judgment was affirmed.

In *State v. Golladay, supra,* a conviction for murder was overturned because there was insufficient evidence to support one of the alternative methods of commission of the crime carried in the "to convict" instruction. As to unanimity, the court said at page 126:

> Thus, a defendant may be charged with committing a single crime in two or more ways and proof of one will uphold the indictment or information. But before the jury can be instructed on and allowed to consider the

various ways of committing the crime alleged, there must be sufficient evidence to support the instructions. *Moreover, the instructions must clearly distinguish the alternative theories and require the necessity for a unanimous verdict on either of the alternatives.*

(Italics ours.)

In *State v. Mayner, supra,* a case of murder alleged to have been committed in alternate modes, the "to convict" instruction was similar to the one appellant proposed, except that the italicized portion was not included. The unanimity instruction was given, however, as in *State v. Cadena, supra.* The court held that although a clarifying instruction such as found in *State v. Parmenter, supra* (and as contained in appellant's proposal), would be desirable, its absence was not fatal, citing *State v. Cadena, supra,* as authority. The court then said that if the defendant was not satisfied with the instruction, he should have requested clarification, which he did not.

It is therefore the law that when a defendant is charged with committing a single crime in two ways and there is substantial evidence to prove that he could have performed it either way, the instructions to the jury must clearly separate the two modes of commission and require the jury to be unanimous on either of the alternatives before returning a verdict of guilty. Appellant's proposed instruction satisfied these requirements; the instructions given by the court did not.

■ Error in instructions is presumed to be prejudicial unless it affirmatively appears from the record that it was harmless. *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947); *State v. Golladay, supra.* We hold that in the light of the cases above cited and from our review of the record, the refusal of the court to give the proposed instruction was prejudicial to a substantial right of appellant.

Reversed and remanded for a new trial.

HOROWITZ, C.J., and UTTER, J., concur.