PEOPLE v WALKER

1. Criminal Law—Instructions to Jury—Aiding and Abetting.

Instructing the jury on the crime of aiding and abetting in defendant's trial for second-degree murder was reversible error where no evidence was presented tending to support a charge of aiding and abetting (MCLA 767.39.)

2. Criminal Law—Witnesses—Conclusion of Witness.

Prosecution's eliciting in a murder trial testimony from an eyewitness regarding who could have fired the fatal shot, given the point at which the bullet entered the victim's body, was reversible error, because where a jury is as capable as anyone else of reaching a conclusion based on certain facts, it is error to permit a witness to reason from those facts to a conclusion and invade the province of the jury.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 4, 1972, at Detroit. (Docket No. 10747.) Decided April 25, 1972.

Patsy A. Walker was convicted of manslaughter. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 579.
[2] 53 Am Jur, Trial § 180 *et seq.*

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Defendant was charged with second-degree murder (MCLA 750.317; MSA 28.549) and convicted by a jury in Detroit Recorder's Court of the lesser offense of manslaughter (MCLA 750.321; MSA 28.553).

In the early morning hours of July 18, 1970, defendant and two men, Michael Alfonsi and William Johnson, were riding in an automobile owned and being driven by Mr. Alfonsi. As the car slowed preparatory to allowing the defendant to alight, Mr. Alfonsi noticed a second car following them and honking its horn. After both automobiles had stopped, the driver of the second car, Michael Yarbrough, approached the right-hand door of the Alfonsi vehicle, grabbed defendant's right arm with his left hand (defendant being seated next to the right-hand door) and pulled her from the car. Mr. Yarbrough then reached around the defendant with his right hand. At this point a gun discharged, fatally wounding Mr. Johnson. At the trial, it was the theory of the defense that the gun was held by Mr. Yarbrough when the fatal shot was fired. The testimony on this point was conflicting.

On appeal, defendant first argues that it was inappropriate and reversible error for the trial court to instruct the jury regarding aiding and abetting (MCLA 767.39; MSA 28.979). The challenged aiding-and-abetting instruction was given by the trial court as follows:

"Now, there has been some testimony that there were two people at this car at the time the shot was fired.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"It is the contention of the defense that Michael Yarbrough fired the fatal shot.

"The statute of the State of Michigan, so far as the same is material, reads as follows:

" 'Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, commits, aids, or abets in its commission, may thereafter be prosecuted, indicted, tried, and on conviction shall be punished as if he had directly committed such offense.'

"Under this statute, where two persons participate in the commission of a felony, such as charged in this information, each is responsible for the acts of the other, provided they were done in pursuance of an understanding between the parties, or in furtherance of a common purpose.

"Where two or more persons engage in an unlawful and felonious course of conduct, each is responsible for the acts of the other, and it is no defense that one did not actually perform the unlawful acts himself, if he was present and assisted in their commission.

"The assistance need not be physical, but may consist in mere encouragement.

"One who aids and assists another to perpetrate a crime is equally guilty with him for its commission."

Counsel for defendant objected to this charge. There is no evidence to substantiate the required common intent necessary to support such a charge[1]; there is no evidence to show concert of action; where there is no evidence to support such a charge, it is reversible error for the court to give the charge. *People v Davis,* 32 Mich App 704 (1971).

The last argument to be considered is that the court improperly admitted certain opinion testimony. During the examination of an eyewitness to the shooting, the prosecutor asked the witness to

---

[1] 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 52, p 74.

establish the position of the defendant and Mr. Yarbrough at the time the shot was fired. Then, over the objection of defense counsel, the prosecutor proceeded to elicit testimony regarding which individual could have fired the fatal shot given the point at which the fatal bullet entered decedent's body. Where a jury is as capable as anyone else of reaching a conclusion based on certain facts, it is error to permit a witness to reason from those facts to a conclusion. By allowing such testimony, the province of the jury was invaded. *Evans v People,* 12 Mich 27 (1863).

Reversed and remanded.

All concurred.