[No. 1360-1. Division One—Panel 1. August 20, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. SANDY JUNIOR TAPLIN, *Appellant.*

*James R. Short,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Kenneth W. Sharaga, Deputy,* for respondent.

WILLIAMS, J.—Sandy Junior Taplin appeals from a judgment entered upon his conviction by a jury of second-degree burglary. The errors claimed concern two instructions given and the competence of trial counsel. We affirm.

The facts which the jury had a right to find from the evidence are these: On August 20, 1971, the manager of a motel in Seattle left her apartment on an errand which took from 3 to 5 minutes. As she was returning to her apartment, she saw a woman, later identified as Ms. Estill, sitting in the passenger seat of a car parked in the driveway adjacent to the office of the motel. The manager asked Ms. Estill what she wanted and was told that her husband was looking for someone from whom to rent a unit. The manager then continued on and, as she rounded the turn to her apartment, met Taplin, who was walking by her door. He rented a room, giving his name as "Thomas", and with Ms. Estill drove off. The manager then went to her apartment and found that while she had been on the errand it had been forcibly entered, and that checks, credit cards, other identifiable property, and money had been stolen. About 2 hours later, Taplin registered in the names of "Mr. and Mrs. McLeod" at another motel in Seattle. Both he and Ms. Estill occupied the room, and when they left, the stolen property was found there.

Taplin's first assignment of error is directed to the instruction on the statutory presumption of criminal intent "unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury . . ." He contends that this language, which is carried verbatim from the statute, RCW 9.19.030, is an unlawful comment on his not testifying in his own behalf, in violation of the fifth amendment to the United States Constitution. The Washington Supreme Court has held that the instruction does not shift the burden of proof to the defendant to prove his innocence. *State v. Reid,* 74 Wn.2d 250, 444 P.2d 155 (1968); *State v. Durning,* 71 Wn.2d 675, 430 P.2d

546 (1967). The quoted language refers to the absence of satisfactory evidence generally and not to the silence of the accused. *Griffin v. California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965).

■ Taplin next assigns error to the instruction which was given on aiding and abetting, contending that there was no evidence to support it. It is true that, if there is no proof that anyone else committed the offense, the giving of an aiding and abetting instruction may be prejudicial error. *State v. Nikolich,* 137 Wash. 62, 241 P. 664 (1925).[1] However, there was sufficient evidence to warrant the giving of the instruction. Ms. Estill was in close proximity to the scene of the crime when it was committed, she was a passenger in the car in which the stolen property was probably transported, and she occupied the motel room in which the property was subsequently found. This establishes a prima facie case of burglary against her and justifies the giving of the instruction. *State v. Frazier,* 76 Wn.2d 373, 456 P.2d 352 (1969); *State v. Razey,* 54 Wn.2d 422, 341 P.2d 149 (1959).

The defense seems to argue that there was no evidence implicating Ms. Estill in the commission of the crime because, with Taplin seen at the doorway, it is obvious that, as between the two, Taplin did it. The evidence as to the person or persons entering the apartment was entirely circumstantial. The jury could not know absolutely whether it was Taplin, Ms. Estill, or both, or someone else. It is enough under the statute, RCW 9.01.030, that there be substantial evidence, which there was, that Taplin participated either as principal or accessory. *State v. Nichols,* 148 Wash. 412, 269 P. 337 (1928).

Finally, Taplin contends that he did not receive a fair trial because his counsel (who was other than appellate counsel) was incompetent. We have examined the record

---

[1] *Cf. State v. Nelson,* 144 Wash. 370, 258 P. 24 (1927); *People v. Starkey,* 234 Cal. App. 2d 822, 44 Cal. Rptr. 738 (1965); *Wilson v. State,* 150 Neb. 436, 34 N.W.2d 880 (1948); *Richmond v. State,* 456 P.2d 897 (Okla. Crim. 1969).

and find that trial counsel was not only competent but ably represented his client.

The judgment is affirmed.

CALLOW, J. (concurring)—The complexity of the problem concerning whether giving an aiding and abetting instruction was prejudicial error under the circumstances compels this further comment.

I believe that it is also pertinent, to some extent, that when the manager returned from her errand, she noticed the automobile occupied by Ms. Estill and stopped to talk to Ms. Estill who said, "My husband is looking to rent a unit . . . ." When the manager then asked where the "husband" was, Ms. Estill then said, "Well, he went looking for you." A very few minutes later the manager came upon the defendant near the front door of her apartment at the motel. When later the same day the defendant and Ms. Estill rented a room at another motel in Seattle, the name used was the name of the manager of the burglarized motel. At this second motel, the night clerk discovered that a lamp was missing from the unit occupied by them; and the defendant was challenged concerning the missing lamp. The lamp was replaced by the defendant, and the night clerk then locked the unit. Later when the defendant attempted to reenter, saying he had left money in the room, he was refused reentry. The next morning, the maid in the second motel found the property taken from the manager of the first motel in the room that had been occupied by the defendant and Ms. Estill.

The evidence, insofar as Ms. Estill is concerned, could be interpreted as proving that: (1) she stood by or (2) she participated or (3) she was the sole breaker and enterer or (4) she broke and entered the building with Taplin. However, when we examine the evidence insofar as she is concerned, standing alone, it is apparent only that she was present at the scene of the crime and in the second motel with the defendant. During that time, the defendant was in possession of the stolen property shortly after the burglary

and has been identified as being present at the scene of the crime. A prima facie case of burglary in the second degree could be made out insofar as Ms. Estill is concerned, except only for the weakness of the evidence pertaining to her possession of the goods. The contention could be raised that only the defendant was in possession of the goods in the second motel.

The evidence insofar as the defendant is concerned is that he (1) stood by or (2) participated or (3) perpetrated the breaking and entering alone or (4) perpetrated the breaking and entering with Ms. Estill. Under the evidence, there is no plausible explanation that the defendant merely stood by. The requirements for proving a prima facie case of burglary in the second degree have been presented as to him. *See State v. Palmer,* 1 Wn. App. 152, 157, 459 P.2d 812 (1969). He could be found, under the circumstantial evidence required to establish a prima facie case to have: (a) been ready to assist a perpetrator by his presence, *State v. Palmer, supra;* or (b) participated as an aider and abettor, (as illustrative only: by driving the getaway car, acting as a lookout, *see State v. Naples,* 51 Wn.2d 525, 319 P.2d 1096 (1958), acting as a decoy or cover, or by helping load or unload the loot) or; (c) perpetrated the breaking and entering alone; or (d) perpetrated the breaking and entering with another.

The evidence of the prosecution was disputed by an alibi witness for the defendant who indicated that the defendant was elsewhere at the time of the commission of the crime. This evidence did not, from the standpoint of the jury verdict, refute the evidence that the defendant was found in possession of the stolen property and that the defendant registered at the second motel falsely using the name of the victim of the burglary.

The elements that must be shown by substantial evidence to prove a prima facie case of burglary are: (a) the defendant broke into and entered a building and (b) the act was done with an intent to commit a crime therein. *State v. Sewell,* 49 Wn.2d 244, 299 P.2d 570 (1956); *State v.*

*Galen,* 5 Wn. App. 353, 358, 487 P.2d 273 (1971). To convict a person of burglary, evidence must be presented that the crime was committed and by the defendant. *State v. Allen,* 67 Wn.2d 238, 406 P.2d 950 (1965).

The possession of recently stolen property has been held sufficient to establish that the person possessing such property was wrongfully in the burglarized building. *State v. Davis,* 60 Wn.2d 233, 373 P.2d 128 (1962). While mere possession of stolen goods unaccompanied by other evidence of guilt is not prima facie evidence of burglary, the rule is otherwise where there is evidence on collateral matters such as the character of the explanation of the possession (as here, the use of the stolen property with the fictitious use of the name of the true owner) or the presence of the accused near the scene of the crime. *State v. Garske,* 74 Wn.2d 901, 447 P.2d 167 (1968). In *State v. Razey,* 54 Wn.2d 422, 341 P.2d 149 (1959), where possession of stolen goods was coupled with evidence placing the defendant in the vicinity of the burglared premises and the possession of the stolen property was in the defendant a short time later, a prima facie case of burglary was established. In any event, in this case, it can be said that this particular burglary had been committed by someone, and a remaining question for the jury was whether or not the defendant committed the crime as the perpetrator or as an aider and abettor.

The instruction given on aiding and abetting stated as follows:

> You are instructed that under the statutes of the State of Washington every person who stands by aiding, assisting or abetting, or who, not being present, directly or indirectly, has aided, assisted, abetted, advised, encouraged or counseled the perpetration of a crime is guilty of the commission of the crime and shall be proceeded against and punished as a principal.

The statute from which the instruction was drawn and with which we are concerned, with irrelevant portions omitted, reads as follows:

> Every person concerned in the commission of a felony, . . . whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, . . . another to commit a felony, . . . is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, . . . could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, . . . him.

RCW 9.01.030. The key words of the statute are that "[e]*very person concerned* in the commission of a felony . . . whether he directly commits the act constituting the offense [evidence of that exists here], or aids or abets in its commission, . . . *is a principal.*" (Italics mine.) The statute encompasses within the forbidden criminal area participation in a criminal act whether as the direct perpetrator thereof or as one who has aided or abetted. Both the perpetrator and the aider are principals and placed in the same blameworthy criminal status. One who aids and abets the commission of a crime is *equally* guilty with the perpetrator. 1 O. Warren, *Homicide* § 62 (1938). The statute makes aiding and abetting a crime, a substantive offense independent of the proof of the participation by another. *Goins v. State,* 46 Ohio St. 457, 21 N.E. 476 (1889). The enlarged statutory circle encompasses the aider and abettor as a principal and does not exclude a person from criminal liability if he is proven to be concerned in the commission of a crime, even though the proof may not establish the role played by another also concerned. Participation in criminal intent may be inferred from presence near the scene of the crime and conduct before and after the offense is committed. *State v. Myers,* 158 N.W.2d 717 (Iowa 1968).

First of all, I do not believe that giving the instruction was erroneous. The circumstantial evidence was sufficient to support a jury conclusion that both the defendant and Ms. Estill participated in the crime with Ms. Estill as a lookout, decoy or as driver of the automobile. Each could

have been found to have aided and abetted the other. There is no requirement that the aider and abettor be the dominant rather than the subservient participant. In this light, giving the instruction was not erroneous since it was supported by the evidence.

Secondly, the old chestnut that one cannot aid and abet himself ignores the purpose of the statute. I conceive this purpose to be to eliminate the necessity of proving the existence or identity of a principal-perpetrator of the crime charged (the existence of "another") *if* the elements of the crime are proven, and it is also proven that the defendant was "*concerned*" in its commission. The statutory purpose is to clarify that criminal responsibility exists from culpable involvement as defined under the statute.

*State v. Nikolich,* 137 Wash. 62, 241 P. 664 (1925), stating that there must be proof that another committed the crime has been distinguished or ignored. In *State v. Rossignol,* 22 Wn.2d 19, 153 P.2d 882 (1944), the *Nikolich* case is distinguished on the basis that evidence did exist in *Rossignol* to support that "another" was involved in the crime. *See also State v. Barry,* 43 Wn.2d 807, 264 P.2d 233 (1953). In *State v. Frazier,* 76 Wn.2d 373, 456 P.2d 352 (1969), the defendant was charged by an information that accused him of robbery and which did not include an allegation that he aided and abetted the crime. Nonetheless, the jury was instructed on aiding and abetting in the terms of the statute. The defendant appealed his conviction claiming that since he was charged alone it was error to give the instruction because it (1) constituted an unconstitutional variance from the information and (2) was not warranted by the evidence. The court said that the statute eliminated the technical distinctions between accessory before and after the fact and held that an instruction on aiding and abetting should not be given "if the evidence does not tend to establish that defendant was involved in the crime *charged.*" The holding points out that the statute permits a sole defendant to be charged as a principal and the court to instruct that one is a principal if he has aided and abetted the

commission of the crime. Finally, the court held that the evidence did support giving the instruction because the evidence established that the crime took place, that the defendant was present, that the defendant made a statement concerning the crime, and that the defendant acted in relation to the crime. It is on these just related factors that the decision held there was sufficient evidence to support the conclusion that the defendant committed the crime. The decision does not say that the instruction must be based upon evidence that another was involved in the commission of the crime. Rather, in my belief, the decision is based upon the realization that the statute makes aiding and abetting any crime a substantive offense; and if there is proof that the defendant at least aided and abetted in the commission of the crime, it is not necessary that there be proof that someone else was involved.

The statute does not eliminate the necessity of proving the elements of the crime but only that the defendant was the actual perpetrator. Interpreting a similar statute (18 U.S.C. § 2), *Von Patzoll v. United States*, 163 F.2d 216, 218 (10th Cir. 1947), said:

> This statute does away with the subtle distinctions recognized, with respect to felonies at common law, between principals and accessories before and at the fact and makes them all principals, whether the offense is a felony or a misdemeanor.

> Conviction of the principal is not a prerequisite to the conviction of the aider and abettor.

> And the acquittal of the principal presents no impediment to the trial and conviction of a person charged with aiding and abetting the commission of the crime. This because one who aids or abets the commission of a crime is guilty as a principal of a substantive, independent offense.

> The proof must establish that the offense was committed by some one and that the person charged as an aider and abettor, aided and abetted in its commission. However, it is not necessary to identify the actual perpetrator of the crime. He may be unknown.

(Footnotes omitted.) *See also United States v. Shuford*, 454

F.2d 772 (4th Cir. 1971); *United States v. Merriwether*, 329 F. Supp. 1156 (S.D. Ala. 1971); 53 Am. Jur., *Trial* § 647.

Thirdly, I do not believe that the instruction was prejudicial. If the jury believed that the defendant did not commit the crime by breaking and entering the room of the manager but that someone else did, they were not misled into convicting the defendant on an unsupportable theory. The evidence supports the conviction of the defendant as a principal *or* as an aider and abettor whether based upon the theory that the defendant perpetrated the breaking and entering or aided an unknown person who perpetrated the act.

*State v. Cooper*, 26 Wn.2d 405, 412, 174 P.2d 545 (1946), stated:

> Every person implicated in the commission of a felony as an accessory is a principal and is to be proceeded against as such. The prosecuting attorney, in drawing up an information, is not bound to elect between charging a defendant as a principal or as an accessory before the fact. Under the terms of the statute, he may ask for a verdict of guilty if the evidence is sufficient to satisfy the jury upon either theory.

For discussion of the *Cooper* case *see State v. Ayres*, 70 Idaho 18, 211 P.2d 142 (1949). *See also State v. Redden*, 71 Wn.2d 147, 150, 426 P.2d 854 (1967).

The evidence here was such that the defendant could not be found to be less than *concerned* and involved in the crime. There was no possibility from the evidence, once the jury rejected the alibi defense, that the jury could find the defendant was not "concerned." The aiding and abetting instruction, if for argument's sake is considered erroneous, could have been prejudicial if the evidence was that a crime had been committed without substantial evidence to make out a prima facie case against the defendant as to the specific crime charged. Here that evidence exists.

When an aiding and abetting instruction is given under the circumstances present in this case, the jury could find the instruction pertinent only if they decided that the de-

fendant did not do the breaking and entering. The other evidentiary essentials are established, to wit, (a) presence at the scene and (b) possession of stolen property. If the jury can find that the defendant was present at the scene and had possession of the property stolen, then the defendant would not be prejudiced by the giving of the instruction because it is immaterial under RCW 9.01.030 if it cannot be proven that *another* participated but can only be proven that there was a breaking and entering.[2] The crime was committed by someone, and the defendant was concerned.

As said in *People v. Starkey*, 234 Cal. App. 2d 822, 44 Cal. Rptr. 738 (1965) at page 829:[3]

> Defendant further contends that the trial court erred in giving two instructions on aiders and abettors as principals when there was no evidence showing participation by any person other than defendant in the alleged crimes. While the law is clear that it is error to give an instruction which, although correctly stating the law, has no application to the facts of the case, "However, the giving of such an instruction does not justify a reversal of the judgment unless it is affirmatively shown that the error would prejudice the rights of the defendant." . . . No prejudice is shown in the instant case.

(Citation omitted.)

In conclusion, it is my opinion that:

---

[2] In *Hagan v. Commonwealth*, 179 Ky. 201, 207, 200 S.W. 336 (1918), in a homicide charge against a wife and husband, an aiding and abetting instruction was held to be prejudicial because there was "absolutely no evidence connecting her husband with the homicide, . . ." The giving of the instruction would have inferred that the court felt there was some evidence on which to base participation by another. Here there is evidence connecting Taplin and Estill with the crime.

[3] In *United States v. Horton*, 180 F.2d 427 (7th Cir. 1950), the defendants were jointly charged with the felonious sale of marijuana. The court instructed the jury that one of the defendants might be found guilty if he aided or abetted any other person. The instruction was held erroneous because there was "no proof" that someone else had committed the offense. In the instant case under the circumstantial evidence, there is, as quoted in the *Horton* case, "*satisfactory* evidence *not only of his participation* but also that another for whom he was acting was *connected* with the offense." (Italics mine.)

(a) The circumstantial evidence is sufficient for the jury to conclude that the defendant and Ms. Estill were both concerned with the commission of the crime.

(b) It is immaterial as to which was the dominant and which the subservient actor/perpetrator/aider/abettor in the commission of a crime. A perpetrator can aid one who stands by as well as one who stands by can aid the principal perpetrator. RCW 9.01.030 makes every person concerned in the commission of a felony a principal. The theory of that wording is that one is guilty as a principal if evidence is present that the crime charged was committed and the defendant was concerned in its commission even though it cannot be proven that the defendant himself performed the pivotal overt act.

(c) The instruction, even if held to be erroneous, was not prejudicial since it could not have affected the final outcome of the case. *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947).

HOROWITZ, J. (dissenting)—The controlling assignment of error concerns the sufficiency of the evidence to warrant giving instruction No. 3½ dealing with aiding or abetting the commission of the burglary charged.

The judges of the court agree there is substantial evidence that defendant Taplin himself committed the actual burglary charged. They do not agree on whether there is sufficient substantial evidence that defendant could also be held guilty of the charge as a person "who stands by aiding, assisting or abetting, or who, not being present, directly or indirectly, has aided, assisted, abetted, advised, encouraged or counseled the perpetration of [the] crime . . ." Instruction No. 3½. Defendant excepted to the giving of the instruction on the ground there was no evidence to support it. I agree. Substantial evidence is lacking, *i.e.,* proof beyond a reasonable doubt to warrant the giving of the aiding or abetting instruction.

The state contended below defendant himself, not Ms. Estill, had committed the burglary charged. The state did

not charge the latter either with actually committing the crime, or aiding or abetting defendant to commit it. Its reason was apparent. It argued to the jury that Ms. Estill "was in the car the whole time." There was no evidence Ms. Estill ever got out of the car, saw the defendant committing the burglary, knew defendant intended to do so, or that defendant at any time had "advised, encouraged or counseled [Ms. Estill in] the perpetration of" the crime. *See State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970). Unless, as later pointed out, the state proved a person other than defendant committed the crime as a principal, the instruction would be unsupported.

It is only on appeal, in an effort to uphold the challenged instruction, the state contends there is substantial evidence to show that

> possibly Miss Estill rather than the defendant . . . actually went into Mrs. McLeod's apartment while Mrs. McLeod was absent. . . . The aiding and abetting instruction, therefore, was necessary in order to inform the jury that if the defendant Taplin was aiding and abetting the entry of Miss Estill he would nevertheless be guilty of the burglary with which he was charged. Therefore, there was sufficient evidence . . .

Substantial evidence in criminal cases means evidence sufficient to persuade "an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." *State v. Collins,* 2 Wn. App. 757, 759, 470 P.2d 227 (1970). The due process clause requires the evidence to be sufficient to prove "beyond a reasonable doubt . . every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). As explained in *Winship:*

> [The] use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law.

397 U.S. at 364. Mere possibility, suspicion, speculation, conjecture, or even a scintilla of evidence, is not substantial evidence. *State v. Moore,* 7 Wn. App. 1, 499 P.2d 16 (1972);

*Wilson v. Department of Labor & Indus.*, 6 Wn. App. 902, 496 P.2d 551 (1972); *State v. Zamora*, 6 Wn. App. 130, 491 P.2d 1342 (1971). *Compare State v. Myers*, 158 N.W.2d 717 (Iowa 1968).

The judges of the court are not agreed on just what evidence in this case constitutes substantial evidence that Ms. Estill herself committed the burglary. Judge Williams relies on three circumstances: (1) Ms. Estill was in close proximity to the scene of the crime when committed; (2) she was a passenger in the car in which the stolen property was probably transported; and (3) she (and defendant) occupied the motel room in which the property was subsequently found. He cites *State v. Frazier*, 76 Wn.2d 373, 456 P.2d 352 (1969); *State v. Razey*, 54 Wn.2d 422, 341 P.2d 149 (1959); and *State v. Nichols*, 148 Wash. 412, 269 P. 337 (1928). In my opinion, the cases are distinguishable. Judge Callow relies on the circumstances that Ms. Estill was present at the scene of the crime and at the second motel with defendant. He recognizes the weakness of the evidence concerning Ms. Estill's possible possession of the stolen goods. The substantial evidence relied on in each opinion would still be insufficient as a matter of law to show Ms. Estill herself committed the burglary if, according to the state's theory advanced below based on the evidence in the case, "Ms. Estill was in the car the whole time."

Judge Callow is of the further view that, notwithstanding *State v. Nikolich*, 137 Wash. 62, 241 P. 664 (1925), instruction No. 3½ was properly given even if Ms. Estill herself did not commit the burglary charged. He expresses the view that the instruction was properly given if (1) the defendant aided and abetted Ms. Estill to commit the burglary; or (2) if defendant aided and abetted a person other than Ms. Estill, whether or not known, to commit the burglary; or (3) if Ms. Estill aided and abetted defendant to commit the burglary. He necessarily assumes there is substantial evidence beyond a reasonable doubt, as distinguished from mere suspicion or conjecture, to support the instruction on one or more of the alternative theories

stated. I find no such evidence, however. The actual evidence shows Ms. Estill remained in the car when the burglary occurred, a fact which made it impossible for her to commit the burglary herself. There is no evidence, furthermore, Ms. Estill knew defendant was committing or had left the car to commit the burglary, or that she acted as a lookout or that she knew or saw defendant in possession of the burglarized items, or that she ever had custody or possession of such items. There is no evidence she knew the names in which the defendant had registered at either the first or second motel. There is evidence she referred to defendant as her husband when she explained to the manager at the first motel that he was looking for someone from whom to rent a unit. That evidence, on this record, does not add up to the required substantial evidence on which to base the challenged instruction. If defendant himself committed the crime, he cannot also be said to aid and abet himself in its commission. *State v. Nikolich, supra*.[4] *See United States v. Rodgers*, 419 F.2d 1315 (10th Cir. 1969); *Legatos v. United States*, 222 F.2d 678 (9th Cir. 1955); *Morgan v. United States*, 159 F.2d 85 (10th Cir. 1947).

I believe we fail to give proper weight to constitutional requirements when, in a circumstantial evidence case concerned with aiding and abetting the commission of the crime charged, we substitute mere possibility, suspicion, conjecture, or even scintilla evidence for the evidence beyond a reasonable doubt required in a criminal case.

The remaining question is whether the unsupported in-

---

[4] *See also State v. McCaskey*, 55 Wn.2d 329, 347 P.2d 895 (1959), which involved two defendants jointly charged as principals, and *State v. Frazier*, 76 Wn.2d 373, 456 P.2d 352 (1969), in which two persons were involved in a robbery. *State v. Frazier* involved the trial of one, and *State v. Brown*, 75 Wn.2d 611, 452 P.2d 958 (1969), involved the trial of the other. As shown by *State v. Brown*, there was sufficient evidence that the separately charged and individually tried defendant Brown participated in the commission of a crime. Neither *McCaskey* nor *Frazier* involved a solely charged defendant when there was no substantial evidence that any other person, although present at the scene, was involved in the perpetration of the crime charged.

struction is prejudicial. The state does not contend that the giving of an unsupported instruction is harmless. There is case support for the view that the giving of an unsupported aiding and abetting instruction is prejudicial error. *State v. Nikolich, supra* at 66-67; *Rodgers v. State,* 213 Ga. 797, 102 S.E.2d 10 (1958); *Napier v. Commonwealth,* 306 Ky. 75, 206 S.W.2d 53 (1947); *People v. Walker,* 40 Mich. App. 142, 198 N.W.2d 449 (1972); *People v. Davis,* 32 Mich. App. 704, 189 N.W.2d 132 (1971). This is but an application of the general rule stated in *Reynolds v. Phare,* 58 Wn.2d 904, 905, 365 P.2d 328 (1961), "that it is prejudicial error to submit to the jury by instructions a question unsupported by evidence in the record."

The rationale of the rule is clear. An aiding and abetting instruction necessarily implies that there is substantial evidence to support the instruction. The jury has a right to assume the instruction given means something. *See People v. Geibel,* 93 Cal. App. 2d 147, 208 P.2d 743 (1949); *Napier v. Commonwealth, supra.*[5] There is also case support for the view that error in an instruction is only presumptively prejudicial unless it affirmatively appears from the record that it is harmless. *See State v. Golladay,* 78 Wn.2d 121, 138-39, 470 P.2d 191 (1970); *State v. Britton,* 27 Wn.2d 336, 341, 178 P.2d 341 (1947); *State v. Rogers,* 5 Wn. App. 347, 352, 486 P.2d 1125 (1971); *State v. Johnson,* 1 Wn. App. 553, 555, 463 P.2d 205 (1969). *See,* however, dicta in *State v. Nelson,* 144 Wash. 370, 372, 258 P. 24 (1927). If the court is unable to say from the record that the presumption of prejudice has been overcome, the error nevertheless is

[5] *Napier* states: "A trial court, especially a regular circuit judge, wields a tremendous influence on the minds of jurors; and it is not unusual for a jury to conclude that 'technical' rules of evidence tend to suppress 'facts' which in their opinion should be introduced in evidence; and when the court instructs them upon an issue concerning which no evidence was introduced, jurors sometimes gather the impression that the court is attempting to point out the 'true facts' in the unauthorized instruction. Oftentimes this results in the jury's 'reading between the lines' of the evidence and arriving at an erroneous conclusion. Such being true, the court meticulously should follow the evidence in instructing the jury." 306 Ky. at 82.

deemed prejudicial and reversible. *State v. Golladay, supra.* Accordingly, there are cases holding that under the facts of the particular case—facts distinguishable from those here involved—an aiding and abetting instruction is harmless. *People v. Starkey,* 234 Cal. App. 2d 822, 44 Cal. Rptr. 738 (1965); *Wilson v. State,* 150 Neb. 436, 34 N.W.2d 880 (1948); *Richmond v. State,* 456 P.2d 897 (Okla. Crim. 1969). Likewise, under other facts, an unsupported aiding and abetting instruction has been held prejudicial. *Sewell v. Commonwealth,* 284 Ky. 183, 144 S.W.2d 223 (1940); *State v. Pacheco,* 27 Utah 2d 281, 495 P.2d 808 (1972).

Under the record here prejudice exists either because it affirmatively appears or because we cannot say whether the presumption of prejudice has been overcome. Defendant relied on alibi evidence to show he was not even present at the scene of the crime and therefore could not have committed the burglary. The state accordingly argued to the jury that under instruction No. 3½

> it is not necessary that the State prove the defendant himself went in provided that the evidence does show that he was aiding and abetting somebody else who went in, and if that is the case then he is guilty of burglary and the elements in Instruction No. 2 are met [to convict] . . . [i]f you find that he was present with the intention of aiding and assisting or that he counseled or suggested the commission of this crime.

The jury found defendant guilty.

Under the instructions, buttressed by the argument of the state, we do not know whether the jury found the defendant guilty (1) because he committed the burglary, or (2) because the defendant did not commit the burglary but Ms. Estill did, defendant aiding or abetting her, or (3) because he was not present at the scene but had "advised, encouraged or counseled the perpetration of" the burglary charged. The evidence was sufficient to show defendant guilty under alternative (1), but insufficient as to alternatives (2) and (3). There is no evidence Ms. Estill herself committed the burglary or that defendant aided and abetted Ms. Estill in doing so knowing of her wrongful purpose.

562

Similarly, there is no evidence defendant aided or abetted a third person to commit the burglary knowing such third person's wrongful purpose; and, similarly, there is no evidence that defendant directly or indirectly counseled or encouraged any such third person to commit the crime. *State v. Hinkley,* 52 Wn.2d 415, 325 P.2d 889 (1958); *State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914); *State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971). *See State v. Kelly,* 46 Wn.2d 594, 283 P.2d 684 (1955). The jury may have rested its verdict on an unsupported alternative. Under such circumstances, "the giving of the instructions complained of was prejudicial error." *Hagan v. Commonwealth,* 179 Ky. 201, 207, 200 S.W. 336 (1918). *See also State v. Nikolich, supra* at 67; *United States v. Horton,* 180 F.2d 427 (7th Cir. 1950).

I would reverse the judgment with directions to grant a new trial.

Petition for rehearing denied September 19, 1973.

Review denied by Supreme Court November 20, 1973.