[No. 39686. Department Two. November 21, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. LEROY
DELBERT GARSKE, *Appellant*.*

*Flynn & Lipscomb*, by *Michael C. Lipscomb*, for appellant (appointed counsel for appeal).

*Stan Pitkin* and *Richard A. Busse*, for respondent.

WEAVER, J.—Defendant, 42 years of age, who testified that he had been convicted at least five times of statutory crimes, appeals from a judgment and sentence entered after a jury had found him guilty of second degree burglary.

Defendant's eight assignments of error present three issues of law: (1) the validity of a search; (2) the sufficiency of the evidence to support a conviction; and (3) the prejudicial effect, if any, of the prosecutor's argument.

*Reported in 447 P.2d 167.

Defendant was suspected by the police of burglarizing a jewelry store. The suspicion arose from the fact that he was stopped and questioned around midnight by patrolman Tawes of the Ferndale police department a short distance from the jewelry store. The burglary was not discovered until about 8 a.m. the next morning. Some jewelry was found in the vicinity where defendant had been questioned.

Defendant had been living in the home of Mrs. Lydia Stam, 66 years of age, for about 3 weeks. He was not paying rent. He slept in the front room on the davenport. Mrs. Stam testified that she looked upon defendant "as I would one of my sons." Defendant did not have exclusive use of the room in which he slept.

Remembering that he had confronted defendant near the jewelry store late at night, Officer Tawes and a deputy from the Whatcom County sheriff's office went to the home of Mrs. Stam shortly after the burglary was discovered.

In the presence of defendant, the officers asked Mrs. Stam if they could search the premises. There is evidence to support defendant's statement: "Go ahead. I don't have anything to hide." Mrs. Stam signed a "Voluntary Search Warrant."

The officers entered and searched the house. Two wrist-watches were found in a tennis shoe near the davenport. Although defendant acknowledged ownership of the shoe, he denied knowledge of the watches.

Defendant was arrested after the watches had been identified by the owner of the jewelry store. Subsequently, the officers searched the grounds around the house. They found most of the stolen jewelry and watches in a recess in an old lumber pile at the rear of Mrs. Stam's premises. The photographic exhibits in evidence support this.

■ Whether there has been a waiver of the necessity of a search warrant is a factual question, and the burden of proving it rests upon the state. *State v. Smith*, 72 Wn.2d 479, 434 P.2d 5 (1967). It is beyond dispute that Mrs. Stam gave both oral and written consent to the search. We have made an independent examination of the record of the hearing upon defendant's motion to suppress the evidence

because of the claimed illegal search. *In re McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965). We conclude, as did the trial court, that the state sustained the burden of proof required and that permission for the search was made voluntarily and without force, coercion, or inducement. It was not error, therefore, to admit in evidence the result of the search.

■ Next, defendant argues that the evidence is insufficient to support a charge of second degree burglary. We do not agree. Mere possession of stolen goods, unaccompanied by other evidence of guilt, is not prima facie evidence of burglary; but the rule is otherwise where there is indicatory evidence on collateral matters.

In *State v. Portee*, 25 Wn.2d 246, 170 P.2d 326 (1946), this court, quoting from 19 Am. & Eng. Ann. Cas. 1281, said:

"In prosecutions for burglary the possession of the stolen property is almost invariably accompanied by other incriminating circumstances, such as the character of the explanation of the possession, the secrecy of the possession, a denial of the possession, the presence of the accused near the scene of the crime, flight, etc.; and *it is generally held that proof of such possession, explained falsely or not reasonably, or accompanied by other guilty circumstances, is sufficient to carry the case to the jury and to support a conviction."*

In the instant case, there is corroborative evidence of each of the inculpatory circumstances set forth in the rule, except flight. Defendant denied knowledge of possession although two stolen watches were found secreted in his shoe, and the remainder of the stolen property was hidden in an old lumber pile on the premises where defendant lived. Defendant was placed near the scene of the crime. He had no explanation of his possession. He testified about an unidentified man named "Jim" who did not testify. He manifested no surprise when the loot was discovered. His trousers carried a grease spot comparable to grease on the counter of the store.

There was sufficient evidence to submit the issue of guilt or innocence of second degree burglary to the jury.

Finally, defendant contends he was denied a fair trial because the prosecuting attorney made a prejudicial argument to the jury.

Defendant testified; he made rather startling admissions of his prior criminal convictions. In his closing argument, the prosecuting attorney stated, "society probably has paid half a million dollars tracking this guy down, putting him away, trying to make it safe for us."

 Although we do not commend the prosecutor's enthusiasm, no objection was made to the remark, no request was made for the jury to disregard it; no argument is made that a cautionary instruction could not have corrected the alleged error.

The judgment is affirmed.

HUNTER, HAMILTON, and NEILL, JJ., and ARMSTRONG, J. Pro Tem., concur.