[No. 2317–3.   Division Three.   August 1, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JESSE IMELDO RODRIGUEZ, *Appellant.*

*Joseph L. Udall,* for appellant (appointed counsel for appeal).

*L. Eugene Hanson, Prosecuting Attorney,* for respondent.

MUNSON, C.J.—Appellant Rodriguez was convicted of second–degree burglary. Prior to trial, a suppression hearing was held to determine whether his consent to a search had been given. Two issues are raised on this appeal: (1) whether Rodriquez' consent to a warrantless search was voluntary, and (2) whether the evidence was sufficient to support a verdict. The trial court found the consent voluntary and the evidence sufficient to support a verdict. We affirm.

In the early morning hours of September 8, 1976, the A & A Building Supply Store in Goldendale, Washington, was burglarized. Several pistols and assorted ammunition were

taken. A week before the burglary, Rodriguez and David Flores had gone to the A & A store ostensibly to transfer a gun registration.

On October 11, 1976, Rodriguez was arrested in Los Angeles for the burglary. The arrest took place in the apartment of Mr. and Mrs. Benjamin Solas. After Rodriguez was arrested and handcuffed, the arresting officer asked to search the bedroom occupied by Rodriguez. He orally consented. The arrest and search took approximately 45 minutes. Officers found ammunition in the bedroom with A & A price tags still attached.

■■ Consent to a search will act as a waiver of the constitutional right against unreasonable searches and seizures. The State has the burden of proving consent was freely and voluntarily made, and it must meet that burden with clear and positive evidence. *McNear v. Rhay,* 65 Wn.2d 530, 398 P.2d 732 (1965); *State v. Johnson,* 16 Wn. App. 899, 559 P.2d 1380 (1977). The voluntariness of a consent to search is a question of fact to be determined by considering the "totality of circumstances surrounding the alleged consent." *State v. Shoemaker,* 85 Wn.2d 207, 212, 533 P.2d 123 (1975). Evaluating the credibility of witnesses is a function of the trial court and the findings of the trial court are to be given great weight on review. However, since immunity from unreasonable search and seizure is a fundamental constitutional right, this court must make its own independent examination of the record to determine whether there has been a denial of that right. *State v. Johnson, supra; State v. Sharp,* 15 Wn. App. 585, 550 P.2d 705 (1976). At the time of his arrest and prior to the search, Rodriguez was not advised of his *Miranda* rights; he did not sign a written consent form, nor was he advised of his right to refuse consent. The crux of Rodriguez' argument is that the search was unreasonable and the consent, if there was one, was coerced.

The State introduced the following evidence at the suppression hearing and at trial. The Los Angeles police had

received information in October 1976 that Rodriguez had committed the burglary and was in the Los Angeles area at that time. After further investigation, an arrest warrant was issued from Washington. That same day, police surveillance was posted on the apartment of Mr. and Mrs. Benjamin Solas. The police observed Rodriguez outside the Solas apartment with a .22 caliber pistol tucked into his waistband. The arrest was made shortly thereafter.[1]

At the time of the arrest, five members of the Solas family were present in the apartment. Officer McCann testified that he asked Mrs. Solas if he could search all the rooms in the apartment with the exception of Rodriguez' room. She consented. He then asked Rodriguez if he could search his bedroom and Rodriguez replied that he didn't care since he didn't "have anything in there, anyway." The officers found the sack containing the ammunition on a couch in his bedroom.

Rodriguez gave a different version of these events. In particular, he testified that Officer McCann did not ask his permission to search, but then he added that he had given his consent to search a couch in the front room. He admitted that he had had "considerable experience talking to police officers" in his lifetime.

The trial court, by denying the motion to suppress, impliedly found that the officer's testimony was true and that Rodriguez voluntarily consented to the search.

---

[1]Ten officers participated in the arrest; six went into the apartment; four more were stationed outside.

The Solas residence is located in the Ramona Gardens Project, a low–income apartment complex housing approximately four to five thousand people. According to Officer McCann, whose job was to investigate gangs in the central district of Los Angeles, the Ramona Gardens Project was controlled by the Hazard Gang which had 218 identified members. Benjamin Solas and Jesus Rodriguez were members of the Hazard Gang. In a 6–month period prior to Rodriguez' arrest, there had been 50 reported incidents of violence in the project involving the Hazard Gang, including 27 assaults with a deadly weapon, four attempted murders and three armed robberies. Police estimated 5,000 rounds of ammunition had been fired on New Year's Eve.

■ *Miranda* warnings are not a prerequisite to a voluntary consent; they relate to the compulsory self–incrimination barred by the Fifth Amendment and not to unreasonable searches and seizures proscribed by the Fourth Amendment. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973). The *Miranda* safeguards are designed to prevent a defendant from becoming a witness against himself. The Fourth Amendment protects one's home and possessions. "The essential component of an unreasonable search and seizure is some sort of unreasonableness." *State v. McCarty,* 199 Kan. 116, 119–20, 427 P.2d 616 (1967), as cited in *State v. Lyons,* 76 Wn.2d 343, 346, 458 P.2d 30 (1969). *See also State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (1973), *cert. denied,* 415 U.S. 926, 39 L. Ed. 2d 483, 94 S. Ct. 1433 (1974). The fact that a consent to search might lead to incriminating evidence does not make it testimonial or communicative in the Fifth Amendment sense. *Cf. State v. Dennis,* 16 Wn. App. 417, 558 P.2d 297 (1976). (In *Dennis,* the suspect gave the police incriminating evidence which the court deemed was a testimonial act.) However, the request for a consent to search, with no activity required of the suspect, is designed to elicit physical and not testimonial evidence. *People v. James,* 19 Cal. 3d 99, 561 P.2d 1135, 137 Cal. Rptr. 447 (1977). Even though incriminating evidence is found, the consent need not be regarded as coerced; "[b]owing to events, even if one is not happy with them, is not the same thing as being coerced." *State v. Lyons, supra* at 346–47. *See also State v. Shoemaker, supra.*

Knowledge of the right to refuse consent is also a factor which should be considered; however, the State need not establish such knowledge as an essential condition of an effective consent. *State v. Werth,* 18 Wn. App. 530, 571 P.2d 941 (1977). The request of permission to search carries with it the implication that the person can withhold permission for such consent. *People v. James, supra.*

Rodriguez acknowledges that the police explained the purpose of the search, but contends he was not given any type of consent form which would have notified him of the consequences of his consent. While a written consent form, signed by a defendant, might be clearer or more positive evidence of voluntariness, no Washington cases hold that it is a prerequisite to a valid consent. *See People v. Gurtenstein,* 69 Cal. App. 3d 441, 138 Cal Rptr. 161 (1977). Further, "while the fact of arrest or custody is relevant to determining whether the suspect has the *will* to refuse consent, it is irrelevant to whether he has the *knowledge* of his right to do so. That knowledge is imparted by the request itself." *People v. James, supra* at 116.

From an independent examination of the record, it does not appear that Rodriguez' consent was actually or impliedly coerced. Both Officer McCann and Rodriguez stated that he was not interrogated. Officer McCann further testified that it would have taken 6 to 8 hours to get a search warrant which would have required additional police and created a potentially explosive situation. The fact that 10 officers were present was, under the circumstances, for their own protection and safety. No guns were drawn, nor did the officers assert the right to search without permission. *Cf. State v. Dennis, supra.* Under the totality of the circumstances, we find the search reasonable and the consent voluntary.

■ Rodriguez contends that the evidence was insufficient for the jury to conclude that the defendant had committed the crime. It is true that "[m]ere possession of stolen goods, unaccompanied by other evidence of guilt, is not prima facie evidence of burglary." *State v. Garske,* 74 Wn.2d 901, 903, 447 P.2d 167 (1968). Rodriguez' palm print was found on the glass gun counter of the gun case on the employee's side of the counter. He asserts the print was made at the time he visited the store with Flores; but there was conflicting testimony that he was not, nor could he have been, on that side of the counter during his visit with

Flores. "*[I]t is generally held that proof of . . . possession, . . . accompanied by other guilty circumstances, is sufficient to carry the case to the jury and to support a conviction.*" *State v. Portee*, 25 Wn.2d 246, 254, 170 P.2d 326 (1946) (quoting from 19 Am. & Eng. Ann. Cas. 1281) cited in *State v. Garske, supra* at 903. We find that the proof of possession combined here with other guilty circumstances is sufficient to support the conviction.

Because we have found that Rodriguez' consent was voluntary, we do not reach the issue of hearsay raised by the appellant since it is not dispositive of this case.

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.