[No. 8645-6-I. Division One. August 3, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES JAMES JORDAN, *Appellant.*

336

*Lundin, Haley & Hansen, Inc., P.S.,* and *Donald Haley,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gregory Canova, Deputy,* for respondent.

JAMES, C.J.—Defendant, Charles J. Jordan, appeals his conviction at bench trial of possession of controlled substances with intent to deliver. We affirm.

On January 9, 1975, police received information from informant No. 1 and confirmed by informant No. 2 that Jordan was in Seattle and was selling heroin. The information specified that Jordan was registered under the name of Jackson in room 333 of the Sixth Avenue Motor Hotel.

Neither informant, however, had been in Jordan's hotel room. The police, at approximately 11:30 p.m. on January 9, went to the Sixth Avenue Motor Hotel and verified that an individual registered under the name of Jackson was in room 333. Police then obtained permission from the motel operator to set up surveillance from a room on the same floor.

While maintaining their surveillance, police received information from one of their informants that Jordan was going to deliver heroin to a well known Seattle dealer. About 5 minutes later, the desk clerk informed officers that Jordan had requested a cab. When Jordan left his motel room, the officers confronted him in the hallway and arrested him.

Police searched Jordan and seized a condom containing approximately 22 grams of heroin. After the arrest and seizure, the officers accompanied Jordan back to the motel room. While in the room, the officers requested that Jordan consent to a search of the room. One officer testified:

> Inside the room he was asked if he had any drugs in there and he stated no. He was told that we could go get a search warrant for his room or did he want to let us search it. He let us search the room.

More heroin was found in the room.

The informants had provided information in the past which police had verified based on independent investigation. Both informants had participated in controlled buys of illegal drugs. Both informants had provided police with a description of Jordan's modus operandi. On the basis of the informants' information and their own independent investigation, the officers concluded that Jordan was a frequent supplier of narcotics in Seattle; that he stayed in motels in downtown Seattle; that he utilized taxicabs to deliver heroin; and that he personally delivered heroin when making sales.

Jordan first contends that his arrest was unlawful. We do not agree.

■ Police may arrest based on probable cause to believe

a felony is being committed. Here, probable cause depended in substantial degree upon the reliability of the information provided by police informants. When information establishing probable cause for the issuance of a search warrant is supplied by an informant, the State must meet the 2–prong test of *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). To satisfy the *Aguilar–Spinelli* test, the State must show (1) the reliability of the informant and (2) the reliability of the informant's information. The same quantum of reliability must be shown to justify this warrantless arrest. *See* 1 W. LaFave, *Search and Seizure* § 3.1(b) (1978). We believe the State has satisfied both prongs of the test.

The State's testimony was sufficient to establish both informants' reliability. Officers had received information from the informants that had been verified by independent police investigation, both informants had participated in controlled buys, and both informants had supplied police with information concerning Jordan's activities. This constitutes a sufficient showing.

■ The State's evidence also satisfied *Aguilar–Spinelli's* second prong. Jordan argues that the informants' information was merely conclusory. Assuming Jordan is correct, that does not defeat the existence of probable cause to arrest. Under the facts and circumstances of this case, the police verification of the information supplied by the informants constitutes sufficient evidence to create a reasonable inference that the informants gained their information in a credible manner. As stated in *State v. White,* 10 Wn. App. 273, 277–78, 518 P.2d 245 (1973):

> [T]he United States Supreme Court has held that where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not be supported by the tip alone. *Whiteley v. Warden,* 401 U.S. 560, 567, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971); *Draper v. United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959).

> To find probable cause by this "bootstrap" approach, the additional information must in some sense be corroborative of the informer's tip that the arrestees committed the felony or were in the process of committing the felony.

In this case, the fact that the officers' investigation corroborated the informants' tip in precise detail, including Jordan's registration in a particular room at a particular motel and using a particular alias, is highly probative of the reliability of information. Not only were these facts corroborated, but also the officers' observation of Jordan immediately leaving his motel room after receiving information from the informants that he was on his way to a sale constituted corroboration of predictive details of the informants' story. *See State v. Sykes,* 27 Wn. App. 111, 615 P.2d 1345 (1980); *State v. Lesnick,* 10 Wn. App. 281, 518 P.2d 199 (1973), *aff'd,* 84 Wn.2d 940, 530 P.2d 243 (1975).

■ Jordan next contends that because police did not inform him of his right to refuse consent, the search of his motel room was unlawful. We do not agree.

> The voluntariness of a consent to search is a question of fact to be determined by considering the "totality of circumstances surrounding the alleged consent." *State v. Shoemaker,* 85 Wn.2d 207, 212, 533 P.2d 123 (1975).

*State v. Rodriguez,* 20 Wn. App. 876, 878, 582 P.2d 904 (1978). In assessing whether consent was freely and voluntarily given, the trial court should consider:

> (1) whether *Miranda* warnings had been given prior to obtaining consent; (2) the degree of education and intelligence of the consenting person; and (3) whether the consenting person had been advised of his right not to consent. . . . These factors should be judiciously balanced against each other with *no particular factor necessarily being dispositive.*

(Italics ours.) *State v. Shoemaker,* 85 Wn.2d 207, 212, 533 P.2d 123 (1975). Specific notice of a right to refuse permission is not a constitutional requirement. *United States v. Watson,* 423 U.S. 411, 46 L. Ed. 2d 598, 96 S. Ct. 820 (1976). In this case, the record shows that Jordan had been

advised of his right to remain silent, he was involved in drug dealing with large quantities of heroin and impliedly knew of his right to refuse consent when police "asked the defendant if he would agree to a search of his room or if he would prefer that they obtain a search warrant." The consent was validly given.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied September 10, 1981.

Review denied by Supreme Court November 20, 1981.