IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                   )   No. 74803-3-I
         Respondent, )
                   )   DIVISION ONE
       v.                )
                   )   UNPUBLISHED OPINION
SVEIN ARVE VIK, )
                   )
         Appellant. )   FILED: August 7, 2017

TRICKEY, A.C.J. — Svein Vik appeals his conviction for residential burglary, arguing that there is insufficient evidence that he entered or remained unlawfully in a dwelling. Because there is circumstantial evidence from which a jury could conclude that Vik entered the victim's house, we disagree and affirm his conviction.

## FACTS

Sandra Davis owned a house in the Lake Serene neighborhood of Lynnwood, Washington. On September 26, 2012, she visited the house. She left in the early evening, after carefully checking that all the doors and windows were locked.

On September 27, 2012, at approximately 5:30 a.m., Bill Campbell took his dogs for a walk in the Lake Serene neighborhood. It was still dark but there were streetlights illuminating the area. As Campbell neared Davis's house, he saw a man leaving the carport.

The man was carrying a white plastic bag. The man approached a Jeep that was parked underneath a streetlight, put the bag in the back, and got in the driver's seat.

Feeling that something was "not right," Campbell turned around and headed

back to his house to call 911.[1] He saw two more men leave the carport and walk past him. One of the two men was tall with shoulder-length hair and wearing a baseball cap. Then Campbell saw a fourth man leave the carport "carrying a whole bunch of boxes stacked up."[2] He did not see anyone else on the street.

After he had called 911, Campbell saw a white van or sports utility vehicle pull out of the driveway where the Jeep was parked and stop for five or ten seconds alongside the Jeep. Then both vehicles drove away.

Sergeant Coleman Langdon, a K-9 officer with the Lynnwood Police Department, responded to Campbell's 911 call. After parking his vehicle, he saw two men walking toward a white minivan that was parked a short distance from Davis's house. Sergeant Langdon contacted the two men, one of whom was Vik.

Other officers searched Davis's house. They entered the property through a gate. The latch for the gate was bent and they found the lock to the gate on the walkway nearby. They also saw that one of the doors into the house was damaged.

Detective Collin Ainsworth of the Snohomish County Sheriff's Office spoke with Vik at the scene. Vik told Detective Ainsworth that he had been wearing a baseball cap when he passed Campbell. He denied taking anything from Davis's house. Vik agreed to go the south precinct with Detective Ainsworth for an interview.

Vik told Detective Ainsworth that none of Davis's property would be found at his house and offered to let Detective Ainsworth search it. At Vik's house,

[1] Report of Proceedings (RP) (Nov. 30, 2015) at 103.
[2] RP (Nov. 30, 2015) at 103.

Detective Ainsworth saw a rolled up rug. Vik told Detective Ainsworth that the rug had been in his family "for a long time."[3]

After securing a search warrant, Detective Ainsworth searched the white minivan that had been seen near Davis's house. In it, he found numerous items belonging to Davis and a baseball cap. Detective Ainsworth also found bolt cutters in the Jeep that had been on the scene.

On October 10, 2012, Detective Ainsworth and Detective Dennis Montgomery, also of the Snohomish County Sheriff's Office, executed a warrant to search Vik's residence. In Vik's garage, they found items belonging to Davis, including the rug they had already seen, a guitar, statues, and a silver platter.

Vik offered two new explanations for how he had come to possess the rug. Vik said he had purchased the rug and then, minutes later, said that he was storing it for his girlfriend's aunt.

Vik is 6 feet 3 inches tall and had, in his driver's license photograph, shoulder-length hair.

The State charged Vik with residential burglary and possession of stolen property in the second degree. Vik was convicted on both counts after a jury trial.

Vik appeals.

## ANALYSIS

Vik challenges the sufficiency of the evidence supporting his conviction for residential burglary. Specifically, Vik argues that there is insufficient evidence that he entered or remained unlawfully in a dwelling. Because a rational trier of fact

---

[3] RP (Dec. 2, 2015) at 483.

3

could have inferred that Vik entered Davis's house from the fact that he was found near it at the time of the theft, we disagree.

The State must prove all elements of a charged crime beyond a reasonable doubt. State v. Larson, 184 Wn.2d 843, 854, 365 P.3d 740 (2015). When a criminal defendant challenges the sufficiency of the evidence, we determine whether, viewing the evidence in the light most favorable to the State, "any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We accept as true all the State's evidence and any inferences that the jury could reasonably have drawn from it. Salinas, 119 Wn.2d at 201.

The State charged Vik with residential burglary, which a person commits if he "enters or remains unlawfully in a dwelling" with the "intent to commit a crime against a person or property therein." RCW 9A.52.025(1). "[P]roof of possession of recently stolen property, unless accompanied by other evidence of guilt, is not prima facie evidence of burglary." State v. Mace, 97 Wn.2d 840, 843, 650 P.2d 217 (1982). But, when possession is "accompanied by 'indicatory evidence on collateral matters,'" such as "the presence of the accused near the scene of the crime," it will support a conviction. Mace, 97 Wn.2d at 843 (quoting State v. Garske, 74 Wn.2d 901, 903, 447 P.2d 167 (1968)).

Here, there is sufficient evidence from which a jury could find that Vik entered Davis's residence. First, Vik was found near the scene of the crime. That fact, combined with Vik's possession of Davis's recently stolen property, is sufficient evidence to support a conviction. Moreover, Campbell saw a man

matching Vik's appearance leave Davis's carport at a time when there were very few people around. The gate and door to Davis's house, which had been locked and in working condition just the evening before, were damaged.

The State argues that, even if there was not sufficient evidence to prove that Vik personally entered the property, there is sufficient evidence that he was at least an accomplice to those who did. But, because we conclude that there was sufficient evidence for a rational trier of fact to find that Vik was a principal, we do not reach the State's accomplice liability theory.

Affirmed.

_Trickey, ACJ_

WE CONCUR:

_Dwyer, J._            _Appelwick, J._